**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

Julie Ring, Court File No. 01-CV-1964 JMR/FLN

Plaintiff,

01-14731

vs.

Sears, Roebuck and Co.,

Defendant.

---

**AGREED PROTECTIVE ORDER**

This matter came before the Court pursuant to Federal Rules of Civil Procedure 26 for the entry of an Agreed Protective Order governing the disclosure of documents and information therein pertaining to confidential personnel-related documents concerning Defendant's Sears, Roebuck and Co. ("Defendant") employees and former employees and other confidential information regarding Defendant's business and products, and any other confidential documents which may be called for by Plaintiff Julie Ring's ("Plaintiff's") written discovery requests (together referred to as "Confidential Information"). Defendant agree to produce such documents on the agreement that such Confidential Information will be disclosed only as provided herein. It appears to the Court that entry of this Order, as agreed to by the parties, is appropriate.

**WITH THE CONSENT OF THE PARTIES, IT IS THEREFORE ORDERED THAT:**

1. This Protective Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

JUL 1 6 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. This Protective Order shall govern all materials deemed by Defendant as **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** (collectively, "Confidential Information"). Such Confidential Information shall include, but is not limited to Confidential customer and business-related documents concerning Defendant's employees, former employees, and other confidential product information, among other things.

3. Defendant may, at any time, deem further materials produced in response to Plaintiff's written discovery requests as Confidential Information.

4. All information produced or transcribed in this action, including, but not limited to, deposition testimony, interrogatory answers, tangible items, documents, copies thereof, and any extracts, abstracts, charts, summaries or notes made therefrom, may, at the instance of either party, be deemed Confidential Information and subject to the restrictions set forth herein.

5. In the case of documents and the information contained therein, designation of Confidential Information shall be made by the producing party by placing the following legend on the face of the document and each page so designated: **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** The legend shall be placed on each such document before it is distributed by any party and such documents will be subject to the terms of this Stipulation of Confidentiality and Protective Order.

6. Any information or documents designated **CONFIDENTIAL** shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

7. Qualified recipients shall include only the following:

(a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b) Deposition notaries and staff;

(c) Professional copy services and their staff (e.g., NightOwl, Kinkos, Rapid Printing, Sir Speedy, and Merrill);

(d) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(e) Deponents during the course of their depositions and in preparation for their deposition (provided that Confidential Information may not be maintained after the deposition has concluded);

(f) The parties to this litigation, their officers and employees;

(g) The Court and such other court staff who of necessity must have access in order to ensure a fair and equitable disposition of this matter, provided the Confidential Information remains under seal.

8. Any information designated **ATTORNEYS' EYES ONLY** may be examined by counsel only. The parties agree that counsel will not divulge the contents of such information to any party or third party at any time; this includes any notes or excerpts produced by examining counsel in a deposition. All such designated information shall remain in the sole possession of the counsel to whom it was produced and no copies will be made or distributed. It is also agreed that information or material so designated may not be used in any hearing of this matter without further written agreement between the parties, or upon order of the Court.

9. Counsel for the respective parties shall be responsible for assuring compliance with the terms of this Protective Order and for obtaining the prior agreement to be bound by the terms of the Protective Order from all qualified recipients to whom any Confidential Information is disclosed in accordance with this Protective Order.

In the case of non-party deponents, when it is not possible to obtain their agreement to and signature on the affidavit, they shall be informed of the terms of this Order on the record and advised that its breach may be punished or sanctioned as a contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials, nor any portion of the deposition transcript reflecting the Confidential Information.

No person may refuse to answer any question on the sole ground that the question requires the person to reveal confidential material, provided that a party may refuse to answer questions regarding information which involves material or information which it designates **ATTORNEYS' EYES ONLY**. The deposition may only proceed on the following basis:

a. Prior to answering deposition question(s), all persons present shall be advised of the terms of this Protective Order.

b. All persons not authorized to receive or review confidential information under this Protective Order shall leave the room during the time in which this material is discussed, and shall not be permitted to review the transcript of this testimony.

Counsel shall be responsible for maintaining a list of all persons under paragraphs 7(c), (d), and (e) to whom any Confidential Information is disclosed. A party may inspect another party's list only upon a showing that the party seeking inspection has substantial need of the list to establish the source of an unauthorized disclosure of Confidential Information and that the party is unable without undue hardship to identify the source of the disclosure through other means.

10. If counsel objects to the opposing party's designation of information as **CONFIDENTIAL or ATTORNEYS' EYES ONLY**, the objecting counsel shall inform the opposing counsel in writing that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, the objecting party shall present a motion to the Court objecting to such status or the objection is waived. The information shall continue to have Confidential status during the pendency of any such motion.

11. No copies of Confidential Information shall be made except by or on behalf of attorneys of record or in-house counsel in this action. Any attorneys making copies of such information shall maintain all copies within their possession or the possession of those qualified recipients entitled to access to such information under this Protective Order.

12. All Confidential Information produced in this action shall be used only for purposes of this litigation and not for any other purpose.

13. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

14. Upon termination of this action by entry of a "Final Judgment" or by dismissal of this action by other means, (inclusive of any appeals or petitions for review), Defendant may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request. Regardless of whether or not a party requests the return of any Confidential Information, each person or party to whom such Confidential Information has been furnished or produced shall, within ten (10) days

of Final Judgment (inclusive of any appeals or petitions for review), destroy all notes, summaries, digests and synopsis of the Confidential Information. Notice of destruction shall be given to counsel for the other party immediately thereafter.

15. By agreeing to the entry of this Protective Order, the parties hereto adopt no position as to the admissibility of documents produced subject to this Protective Order.

16. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to the confidentiality of documents or other information.

17. Nothing in this Protective Order shall prevent a party from disclosing its own Confidential Information as it deems appropriate, without impairing the obligations imposed herein upon others.

Dated: 7-1-02

**NICHOLS KASTER & ANDERSON, PLLP**

By ______________________
Donald H. Nichols, #78918
Paul J. Lukas, #22084X
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612.338-1919
Facsimile: 612.338.4878

**ATTORNEYS FOR PLAINTIFF, JULIE RING**

Dated: 6/27/02

**LITTLER MENDELSON, P.C.**

By: ______________________
Andrew J. Voss (#241556)
Jeremy D. Sosna (#290233)
33 South 6th Street, Suite 3110
Minneapolis, MN 55402.3716
Telephone: 612.630.1000
Facsimile: 612.630.9626

**ATTORNEYS FOR DEFENDANT SEARS, ROEBUCK AND CO.**

SO ORDERED:

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.